## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL S. JUDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3422 |
| | ) | |
| DR. OBAISI, LISA LERCHER, | ) | |
| and WEXFORD HEALTH | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, incarcerated in Lincoln Correctional Center, suffers

from a severe case of Charcot-Marie-Tooth disease, a hereditary and

progressive disease which has caused Plaintiff's feet to become

deformed and his right ankle to collapse.  Further complicating

matters, Plaintiff is obese and suffers from diabetes-related

neuropathy.  He must wear special braces and boots for walking,

which at times cause pressure sores that become infected, particular

given Plaintiff's loss of sensation in his feet.

Plaintiff filed this case pro se, alleging deliberate indifference to

his need for surgery on his right foot and ankle.   Before the Court is

Defendants' motion for summary judgment.

This case is troublesome.   On one hand, Plaintiff has a 2005

recommendation from Podiatrist John Sigle which states:

> 1.   I attempted to call Kathleen at the prison to
> obtain approval for scheduling a reconstruction of the
> right lower extremity.
> .      .      .
>
> 3.   I feel that failure to reconstruct the right ankle
> will lead to further ulceration, further infection and
> further amputation to occur within the right lower
> extremity unless he is fixed.
>
> 4.   I went over the risks, benefits and alternatives
> with the patient and he would like to have this attempted.
> He is aware he could lose his leg in the process.

(9/26/05 assessment, d/e 43, p. 6.)

However, Dr. Sigle has since signed and affidavit stating

that the surgery is elective and can and should wait until

Plaintiff is released from prison.   According to Dr. Sigle's

affidavit, the surgery is actually a series of surgeries requiring

"extensive rehabilitation" and posing a high "risk of infection with the possibility of loss of the limb."   (Sigle Aff. para. 6., d/e 40-3, p. 1.)   He describes the surgery as "elective surgery with the purpose being to prevent future complications from ulcerations that could become infected and result in the loss of the limb."   Id. para. 7.   Dr. Sigle opines, "A reasonable option for Mr. Judy's care was to brace the right ankle and observe him for signs of infection that could threaten the loss of the limb.   If the foot and ankle reconstruction were to be performed, it would ideally be done outside of a correctional facility due to the risk of infection, risk of injury from other offenders, and likely greater access to physical and occupational therapy."   Id. paras. 8-9.

Dr. Obaisi determined that the risks of surgery were too high for Plaintiff, outweighing the potential benefits, a determination supported by Wexford.   Instead, Dr. Obaisi prescribed specially designed braces and boots and managed problems with ulcers as they arose by treatment with antibiotics.   Plaintiff has done relatively well with the boots, moving about enough to lose significant weight and work inside

3

the prison. He has experienced periodic episodes of ulcers caused by pressure points, but the ulcers were all successfully with antibiotics. According to Dr. Obaisi, even with the surgery Plaintiff would still have to wear the brace and boots and thus still be at risk of ulcers.

Deliberate indifference arises only when "'the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)(*quoting* Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2009). "A medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances." Sain, 512 F.3d at 894-95.

Though a jury could certainly find in Defendants' favor, at this point the Court cannot confidently grant summary judgment to Dr. Obaisi and Wexford. Dr. Sigle's original report and his affidavit arguably contradict each other, leaving

questions unanswered and Dr. Sigle open to possible impeachment on cross examination.

However, the Court also cannot say on this record that a jury could find in Plaintiff's favor. Plaintiff wants the surgery, but the risks appear extremely high---the loss of Plaintiff's leg or perhaps even his life. Plaintiff seems to have been managing well with the braces and boots for the nearly nine years after Dr. Sigle issued his original recommendation. Plaintiff has been exercising, working, losing weight, and any problems with sores appear to have been successfully treated. Understanding why Plaintiff wants the surgery in light of the risks is difficult.

The Court has a responsibility to ensure that a justiciable dispute exists for the jury, and the Court is unable to make that determination on this record. The Court needs help from an independent expert to determine whether Dr. Obaisi's and Wexford's treatment decisions were and are within the range of acceptable medical treatment. If so, then a jury has nothing to decide and the case is over. If not, an attorney should be appointed for Plaintiff and this case should go to trial.

Accordingly, the motions for summary judgment by Dr. Obaisi and Wexford are denied.

Summary judgment will also be denied for Defendant Lercher, the prison Health Care Administrator. Ms. Lercher is not a doctor and does not have the authority to override the doctor's treatment decisions. (Lercher Aff. para. 4.) However, Plaintiff maintains that Ms. Lercher intentionally concealed Dr. Sigle's initial report from Plaintiff, to prevent Plaintiff from pursuing necessary medical treatment. Ms. Lercher points out that Plaintiff could have requested his records at any time and did not. However, Plaintiff arguably had no reason to request the records if he was led to believe that no surgery had ever been recommended.

IT IS ORDERED:

1) The motions for summary judgment by Defendants are denied (39, 42), with leave to renew after the Court obtains an opinion from an independent expert.

2) A status conference is set for October 16, 2014, at 1:30 p.m. Counsel shall appear in person. Plaintiff shall

appear by video.    The clerk is directed to issue a video writ to

secure Plaintiff's presence at the conference.

ENTERED:      September 12, 2014

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
